1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9 CHRISTOPHER E. PRICE, SR.,                    CASE NO. 1:08-cv-01810 DLB PC

10                          Plaintiff,           ORDER DISMISSING ACTION, WITH
                                                 PREJUDICE, FOR FAILURE TO STATE A
11       v.                                      CLAIM UNDER SECTION 1983

12 DIRECTOR OF CORRECTIONS, et al.,              (Doc. 7)

13                          Defendants.          ORDER COUNTING DISMISSAL AS A
                                                 STRIKE UNDER 28 U.S.C. § 1915(G)
14 _____/

15

16                                    **Screening Order**

17 **I.      Screening Requirement**

18       Plaintiff Christopher Price ("Plaintiff"), a state prisoner proceeding pro se and in forma

19 pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 25, 2008.

20       The Court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28       A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

By order issued March 19, 2009, this Court dismissed Plaintiff's original complaint for failure to state a claim.  On April 17, 2009, Plaintiff filed a First Amended Complaint.

**II.    Summary of Plaintiff's Claims**

Plaintiff, who is housed at Pleasant Valley State Prison ("PVSP") in Coalinga, brings this action against the Director of Corrections, Chief of the Inmate Appeals Branch N. Grannis, Warden James Yates, the Health Care Manager at PVSP, the Appeals Coordinator at PVSP, and the Medical Appeals Analyst at PVSP.  Plaintiff states that he submitted a 602 prison grievance complaining about constant headaches and pain caused by his glaucoma, and requesting pain killers and money damages.  Plaintiff states that his request was denied by all defendants.  Plaintiff now seeks money damages and equitable relief.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.  "Ruling against a prisoner on an administrative complaint does not cause

1  or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

2        Plaintiff's allegation that defendants denied his inmate appeal does not state any cognizable

3  federal claims.  In addition, Plaintiff was previously informed that in order to maintain an Eighth

4  Amendment claim based on prison medical treatment, "an inmate must show 'deliberate indifference

5  to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v.

6  Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference

7  requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a

8  prisoner's condition could result in further significant injury or the unnecessary and wanton infliction

9  of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d

10  at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

11  grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

12  quotations omitted)).

13        Plaintiff has not sufficiently alleged that any of the named defendants "[knew] of and

14  disregard[ed] an excessive risk to [plaintiff's] health or safety" Farmer, 511 U.S. at 837, nor has

15  Plaintiff pled sufficient factual matter to state a claim. Iqbal, 129 S.Ct. at 1949.

16  **III.    Conclusion and Order**

17        Plaintiff's amended complaint fails to state any federal claims under section1983.  Plaintiff

18  was previously provided with the legal standards most applicable to his claims and was granted leave

19  to file an amended complaint curing the deficiencies.  Plaintiff is  unable to do so. Noll v. Carlson,

20  809 F.2d 1446, 1448-49 (9th Cir. 1987).

21        Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim

22  under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

23

24        IT IS SO ORDERED.

25  **Dated:    September 25, 2009**          _____ **/s/ Dennis L. Beck**_____
                                            UNITED STATES MAGISTRATE JUDGE
26

27

28

                                            3